UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

v.

JERRY LOUIS GARNER,
　　　　*Defendant-Appellant.*

No. 99-4655

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-78)

Submitted: October 31, 2000

Decided: November 17, 2000

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Walter Thaniel Johnson, Jr., Juanita Boger Allen, Greensboro, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Steven H. Levin, Assistant United States Attorney, Joshua R. Taylor,
Third Year Law Student, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jerry Louis Garner pled guilty to two counts of distributing cocaine base (crack) and one count of money laundering. *See* 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. §§ 1957(a) & 982(a)(1). He was sentenced to 118 months on each of the distribution charges and 30 months on the money laundering count. All sentences are to be served concurrently. On appeal, his attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), alleging that there are no meritorious issues but raising one issue: whether the district court clearly erred by finding Garner responsible for 1.5 kilograms of crack. Garner has filed two pro se supplemental briefs alleging: (1) that his plea was not knowing because he was not informed of the maximum and minimum sentences; and (2) that his sentence should be vacated due to the Supreme Court's recent opinion in *Apprendi v. New Jersey*, 530 U.S. ___, 120 S. Ct. 2348 (2000). For the reasons that follow, we affirm.

First, we do not find that the district court clearly erred by finding Garner responsible for 1.5 kilograms of crack cocaine. *See United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993). Evidence supported this finding and Garner, in fact, stipulated to this amount at sentencing. Second, the district court informed Garner of his maximum and minimum sentences at his plea hearing; the sentencing range was also contained in his plea agreement. Finally, we do not find that Garner's sentence is affected by *Apprendi* as he was sentenced below the statutory maximum. *See United States v. Angle*, ___ F.3d ___, 2000 WL 1515159 at *8-11 (4th Cir. 2000) (holding that *Apprendi* does not affect a sentence below the statutory maximum).

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. We therefore affirm Garner's convictions and sentences. The court requires that counsel inform his client, in writing, of his right to peti-

tion the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*